IN THE ___LAPORTE___ COURT FOR LA PORTE COUNTY
STATE OF INDIANA

| | | |
|---|---|---|
| DALE L. NOWATZKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRISENEAU SCHNEIDER | ) | CAUSE NO. 46C01-2211-CT-001894 |
| | ) | |
| and | ) | |
| | ) | |
| DEJAVU TRANSIT, LLC | ) | |
| | ) | |
| serve: Kentucky Process Service, Inc. | ) | |
| 11689 East Wilson Court | ) | |
| Springville, IN 47462 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMAZON LOGISTICS, INC. | ) | |
| | ) | |
| serve: Corporation Service Company | ) | |
| 1127 Broadway Street, | ) | |
| NE Suite 310 | ) | |
| Salem, OR 97301 | ) | |
| and | ) | |
| | ) | |
| ALI STAR, INC. | ) | |
| | ) | |
| serve: Express Legal Services, Inc. | ) | |
| 102 Granby Drive Ste. 103 | ) | |
| Indianapolis, IN 46229 | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Dale Nowatzke by and through counsel, and for his Complaint

and causes of action against Defendants Briseneau Schneider, Dejavu Transit, Inc., Amazon

Logistics, Inc. and Ali Star Inc., hereby states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff Dale Nowatzke, is, and was at all times relevant herein, a resident of Starke County, State of Indiana.

2.      Upon information or belief, Defendant, Dejavu Transit, LLC (hereinafter also referred to as "Dejavu"), is and was at all times relevant herein a foreign for-profit corporation with its principal place of business located in the State of Florida which was conducting business in the state of Indiana with a registered agent located at 11689 East Wilson Court Springville, IN 47462.

3.      Defendant Briseneau Schneider, (hereinafter also referred to as "Schneider" upon information or belief is or at all times relevant was a resident of Tampa, State of Florida.

4.       Upon information and belief, Amazon Logistics Inc. (hereinafter "Amazon") is a for-profit domestic corporation lawfully conducting business in the state of Indiana with a home office address of 582 Parsons Drive, Medford, Oregon.  Its registered agent for service of process is Corporation Service Company, 1127 Broadway ST NE, Ste. 310, Salem, Oregon 97301.

5.       Upon information and belief, Ali Star, Inc. (hereinafter "Ali Star") is a for-profit domestic corporation lawfully conducting business in the state of Indiana with home office address of 704 Sherwood Green Court Mason, OH 45040. Its registered agent for service of process is Express Legal Services, Inc. 102 Granby Drive Ste. 103 Indianapolis, IN 46229.

6.      The incident giving rise to this action occurred in La Porte County, Indiana, and the damages are in excess of the jurisdictional limits of this Court.

7.      That on or about the 14th day of February 2021, Plaintiff Dale Nowatzke was operating his vehicle with all due care on a public roadway in Hannah Township, LaPorte County,

Indiana.

8.      That on that date and at the place set forth above, Briseneau Schneider was operating his vehicle in such a negligent manner so as to cause a collision with the Plaintiffs vehicle, thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

9.      Upon information or belief, the semi being operated by Defendant Briseneau Schneider has a Gross Vehicle Weight Rating of between 26,001 pounds or more and is a commercial motor vehicle under 49 C.F.R. 390.5 and Indiana Code § 8-2.1-24-18(a).

10.     The violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390 et seq. set forth herein—which are made applicable in relevant part by Indiana Code § 9-2.1-24-18(a)—constitute negligence per se and, in the alternative, evidence of violation of the applicable standard of care.

11.     That on date and at the time and place set out above, Defendant Schneider was pulling a trailer on behalf of Amazon Logistics, Inc.

12.     That on date and the time and place set out above, Defendant Schneider negligently and carelessly operated the truck pulling the trailer in such a negligent manner as to cause it to collide with Plaintiffs vehicle thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

<u>**CLAIMS AGAINST BRISENEAU SCHNEIDER**</u>
<u>**COUNT I: NEGLIGENCE**</u>

13.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

14.     That as a direct and proximate result of the negligence of Defendant Briseneau

Schneider in operating his motor vehicle, Plaintiff was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by Plaintiff, she has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

15.    That as a direct result of the negligence of Defendant Briseneau Schneider in operating his motor vehicle, Plaintiff has incurred, and will incur in the future, medical expenses and physician expenses.

16.    That as a direct and proximate result of the negligence of Defendant Briseneau Schneider in operating his motor vehicle, Plaintiff has been caused to suffer damages in excess of the jurisdictional limits of the Court.

## CLAIMS AGAINST DEJAVU TRANSIT, LLC
## COUNT II RESPONDENT SUPERIOR

17.    Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

18.    Upon information and belief, that on the date and time of the negligent actions of Defendant Briseneau Schneider, Defendant Deja vu Transit, LLC is, and was the owner of the vehicle being operated by Defendant Schneider.

19.    That on the date and time of the negligent actions of Defendant Schneider said Defendant was acting with the course and scope of his employment or was otherwise an agent of Defendant Dejavu Transit, Inc.

20.    As a direct and proximate result of the negligence of Defendant Schneider in operating the vehicle in the scope of his employment, the doctrine of *Respondent Superior* applies and transfers liability to Defendant Déjà vu Transit, Inc..

4

## CLAIMS AGAINST ALI STAR, INC.
## COUNT III RESPONDENT SUPERIOR

21.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

22.     Upon information and belief, that on the date and time of the negligent actions of Defendant Briseneau Schneider, Defendant Ali Star, Inc. is, and was the owner of the vehicle being operated by Defendant Schneider.

23.     That on the date and time of the negligent actions of Defendant Schneider said Defendant was acting with the course and scope of his employment or was otherwise an agent of Defendant Ali Star, Inc..

24.     As a direct and proximate result of the negligence of Defendant Schneider in operating the vehicle in the scope of his employment, the doctrine of *Respondent Superior* applies and transfers liability to Defendant Ali Star, Inc.

## CLAIMS AGAINST DEFENDANT AMAZON LOGISTICS INC.
## COUNT IV: VICARIOUS LIABILITY

25. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

26.     Upon information and belief, on the date of the collision, Defendant Schneider was employed by Defendant Amazon Logistics Inc. and was operating the vehicle within the course and scope of his employment with said Defendant.

27. At the time of the collision, Defendant Schneider was acting within the course and scope of his employment  or was otherwise an agent of Defendant Amazon Logistics Inc.

28. As employer or principal of Defendant Schneider, Defendant Amazon Logistics Inc. is vicariously liable for the negligent actions and omissions of Defendant Schneider and the damages proximately caused by such negligence.

29. At the time of the collision, Defendant Amazon Logistics Inc. was a "motor carrier" and an "employer" of its driver, Defendant Schneider, under 49 C.F.R. § 390.5 and Indiana Code § 9-30-5-4 and, therefore, Amazon Logistics Inc. is vicariously liable for the negligent actions and omissions of Defendant Schneider and the damages proximately caused by such negligence as the motor carrier for the load and statutory employer of Defendant Schneider.

**CLAIMS AGAINST DEFENDANT AMAZON LOGISTICS INC.**
**COUNT V: GENERAL NEGLIGENCE**

30. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

31. Defendant Amazon Logistics Inc. had a duty to exercise ordinary care and comply with the Federal Motor Carrier Safety Regulations, pursuant to Indiana Code § 9-30-5-4.

32. Defendant Amazon Logistics Inc. breached these duties by, among other things, failing to ensure that drivers comply with applicable hours-of-service regulations and properly maintain the Semi-truck.

**WHEREFORE**, the Plaintiff Dale Nowatzke, by counsel, requests a judgement against the Defendants Briseneau Schneider, Dejavu Transit, LLC, Amazon Logistics and Ali Star, Inc. in favor of the Plaintiff in an amount reasonably calculated to compensate Plaintiff for his damages including:

Judgment for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate Plaintiff Dale Nowatzke for his damages, to include:

      a.  Past and future medical expenses;

      b.  Past and future physical and mental pain, suffering, anguish and inconvenience;

      c.  Lost wages; and

      d.  Diminished capacity to labor and earn income.

2.     Prejudgment interest;

3.     Interest on any amount to which Plaintiff may be adjudicated to be entitled to accrue from the date of the filing of her action until paid;

4.     Costs herein expended;

5.     Attorneys fees;

6.     Punitive damages;

7.     Trial by jury; and

8.     Any and all other appropriate relief to which Plaintiff may appear to be justly entitled.

**Respectfully Submitted,**

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49
1601 Business Center Court
Louisville, KY 40299

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff Dale Nowatzke hereby demand a trial by jury on all issues so triable.

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49