IN THE CIRCUIT COURT FOR LA PORTE COUNTY
STATE OF INDIANA

| | |
|---|---|
| DALE L. NOWATZKE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCHNEIDER BRISENAU | ) CAUSE NO. 46C01-2211-CT-001894 |
| | ) |
| and | ) |
| | ) |
| DEJAVU TRANSIT, LLC | ) |
| and | ) |
| | ) |
| AMAZON LOGISTICS, INC. d/b/a Prime | ) |
| | ) |
| and | ) |
| | ) |
| AMAZON.COM. INC. | ) |
| | ) |
| and | ) |
| | ) |
| ALI STAR, INC. | ) |
| and | ) |
| | ) |
| NOVZA EXPRESS, INC. | ) |
| | ) |
| Defendants | ) |

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Dale Nowatzke by and through counsel, and for his Amended Complaint and causes of action against Defendants Schneider Brisenau, Dejavu Transit, Inc., Amazon Logistics, Inc. Amazon.com, Inc., Ali Star Inc., and Novza Express, Inc. hereby states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Dale Nowatzke, is, and was at all times relevant herein, a resident of Starke

County, State of Indiana.

2. Upon information or belief, Defendant, Dejavu Transit, LLC (hereinafter also referred to as "Dejavu"), is and was at all times relevant herein a foreign for-profit corporation with its principal place of business located in the State of Florida which was conducting business in the state of Indiana with a registered agent located at 11689 East Wilson Court Springville, IN 47462.

3. Defendant Schneider Brisenau, (hereinafter also referred to as "Schneider" upon information or belief is or at all times relevant was a resident of Tampa, State of Florida.

4. Upon information and belief, Amazon Logistics Inc. d/b/a Prime is a for-profit domestic corporation lawfully conducting business in the state of Indiana with a home office address of 207 Boren Ave N, Seattle, WA 98109 with its registered agent for service of process being United States Corporation Company located at 135 N. Pennsylvania St, Suite 1610, Indianapolis, IN, 46204.

5. Amazon.com, Inc. is a foreign for-profit corporation lawfully conducting business in the state of Indiana with its registered agent for service of process being Corporation Service Company 135 North Pennsylvania St, Suite 1610, Indianapolis, IN, 46204. (Amazon.com, Inc. and Amazon Logistics, Inc. are hereinafter referred to as "The Amazon Defendants")

6. Upon information and belief, Ali Star, Inc. (hereinafter "Ali Star") is a for-profit domestic corporation lawfully conducting business in the state of Indiana with home office address of 704 Sherwood Green Court Mason, OH 45040. Its registered agent for service of process is Express Legal Services, Inc. 102 Granby Drive Ste. 103 Indianapolis, IN 46229.

7. Defendant Novza Express, Inc. is and at all times relevant to this action was a foreign for-profit corporation lawfully conducting business in the state of Indiana with a principal place of business 7577 Central Parke Blvd, Suite 119, Mason, OH 45040. Its registered agent for service of process is Express Legal Services, Inc. 102 Granby Drive, Suite 103, Indianapolis, IN 46229.

8. The incident giving rise to this action occurred in La Porte County, Indiana, and the damages are in excess of the jurisdictional limits of this Court.

9. That on or about the 14th day of February 2021, Plaintiff Dale Nowatzke was operating his vehicle with all due care on a public roadway in Hannah Township, LaPorte County, Indiana.

10. That on that date and at the place set forth above, Schneider Brisenau was operating his vehicle in such a negligent manner so as to cause a collision with the Plaintiffs vehicle, thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

11. Defendant Novza Express, Inc. is and at all times relevant to this action was a motor carrier bearing USDOT number 3467382 who was authorized for hire for interstate commerce.

12. Defendant Ali Star, Inc. is and at all times relevant to this action was a duly authorized motor carrier bearing USDOT number 3396687 who was authorized for hire in interstate commerce.

13. Defendant Amazon is and was at all times relevant to this action a duly authorized motor carrier bearing USDOT number 2881058 who was authorized as a broker for interstate commerce.

14. Defendant Dejavu Transit, LLC is and at all times relevant to this action was a motor

carrier bearing USDOT number 3383410 authorized for hire in interstate commerce.

15. At all times relevant to this action Defendant Schneider was a professional driver with a commercial driver's license.

16. At all times relevant to this action, Defendant Schneider was driving a commercial motor vehicle in interstate commerce and was subject not only to Indiana traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

17. Upon information or belief, Defendant Ali Star, Inc and/or Defendant Dejavu Transit, Inc. and/or Defendant Novza Express, Inc. and Defendant Amazon entered into an agreement that required Defendant Ali Star, Inc and/or Defendant Dejavu Transit, Inc. and/or Defendant Novza Express, Inc perform delivery services on behalf of Amazon in accordance with Amazon's policies and standard operating procedures.

18. Upon information and belief, Amazon controlled the manner in which Defendant Ali Star, Inc. performed under the agreement in the following way: who Ali Star, Inc and/or Defendant Dejavu Transit, Inc. and/or Defendant Novza Express, Inc. could hire by requiring certain personnel requirements, background verification, and criminal history reviews be met; what type of uniform shirt, jacket, pants, shorts, and hat Ali Star, Inc and/or Defendant Dejavu Transit, Inc. and/or Defendant Novza Express, Inc employee's would wear; the type of vehicle branding on the vehicles that Ali Star, Inc and/or Defendant Dejavu Transit, Inc. and/or Defendant Novza Express, Inc used to make deliveries; required that any vehicle with Amazon delivery be used for the sole purpose of making Amazon deliveries and no other purpose, and dictating the routing and timing for deliveries.

19. Upon information or belief, the tractor trailer being operated by Defendant Schneider

4

Brisenau has a Gross Vehicle Weight Rating of 26,001 pounds or more and is a commercial motor vehicle under 49 C.F.R. 390.5 and Indiana Code § 8-2.1-24-18(a).

20. Upon information or belief the tractor driven by Defendant Schneider was owned by Defendant DejaVu Transit, LLC.

21. Upon information or belief the trailer being hauled by Defendant Schneider was owned by Defendant Amazon.

22. The violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390 et seq. set forth herein—which are made applicable in relevant part by Indiana Code § 9-2.1-24-18(a)—constitute negligence per se and, in the alternative, evidence of violation of the applicable standard of care.

23. That on date and the time and place set out above, Defendant Schneider negligently and carelessly operated the truck pulling the trailer in such a negligent manner as to cause it to collide with Plaintiffs vehicle thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

24. At all times relevant to the action, Defendant Schneider was operating the tractor trailer under Defendant Ali Star, Inc. and/or Defendant Déjà vu Transit, Inc. and/ or Defendant NOVZA EXPRESS, INC and/or the Amazon Defendants' DOT operating authority.

25. Upon information and belief, the Amazon Defendants had a broker-carrier agreement with Defendant Novza Express, Inc, and Defendant Novza Express, Inc had a broker carrier agreement with Defendant Ali Star, Inc.

26. Upon information or belief, Defendant Schneider was an owner-operator for Defendant Ali Star, Inc.

5

27. Defendant Ali Star, Inc. has 33 power units, and 35 drivers. 25% of its vehicles out of service for failed inspections and has 4 reported injury crashes in the past 24 months, including one fatal crash.

## CLAIMS AGAINST SCHNEIDER BRISENAU
## COUNT I: NEGLIGENCE

28. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

29. Defendant Schneider Brisenau was careless and negligent in one or more of the following ways:

   a. Schneider Brisenau carelessly and negligently failed to use the care an ordinary and careful person would use under the same or similar circumstances;

   b. Schneider Brisenau carelessly and negligently failed to keep his vehicle under proper control so as to avoid striking Plaintiff Dale Nowatzke's vehicle;

   c. Schneider Brisenau failed to maintain a proper lookout for other vehicles using the roadway, including the vehicle operated by Plaintiff Dale Nowatzke;

   d. Schneider Brisenau carelessly and negligently failed to apply the brakes of his vehicle in time to avoid a collision with Plaintiff Dale Nowatzke;

   e. Schneider Brisenau failed to change, alter or divert the course of his vehicle to avoid a collision with the vehicle being operated by Plaintiff Dale Nowatzke.

   f. Schneider Brisenau operated a commercial vehicle in violation of state and federal statutes and regulations including but not limits to, Ind. Code 8=2.1-24-18 and the Federal Motor Carrier Safety Regulations, 49 C.F.R. 40, 350-399;

   g. Schneider Brisenau was driving his commercial vehicle too fast for weather and road conditions;

6

28. That as a direct and proximate result of the negligence of Defendant Schneider Brisenau in operating his motor vehicle, Plaintiff was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by Plaintiff, she has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

29. That as a direct result of the negligence of Defendant Schneider Brisenau in operating his motor vehicle, Plaintiff has incurred, and will incur in the future, medical expenses and physician expenses.

30. That as a direct and proximate result of the negligence of Defendant Schneider Brisenau in operating his motor vehicle, Plaintiff has been caused to suffer damages in excess of the jurisdictional limits of the Court.

## CLAIMS AGAINST DEJAVU TRANSIT, LLC
## COUNT II RESPONDEAT SUPERIOR

31. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

32. Upon information and belief, that on the date and time of the negligent actions of Defendant Schneider Brisenau, Defendant Deja vu Transit, LLC is, and was the owner of the tractor being operated by Defendant Schneider.

33. That on the date and time of the negligent actions of Defendant Schneider said Defendant was acting with the course and scope of his employment or was otherwise an agent, ostensible agent or representative of Defendant Dejavu Transit, Inc.

34. As a direct and proximate result of the negligence of Defendant Schneider in operating the vehicle in the scope of his employment or as an agent or ostensible agent of

Defendant Devaju Transit, LLC the doctrine of *Respondent Superior* applies and transfers liability to Defendant Déjà vu Transit, Inc..

## CLAIMS AGAINST DEJAVU TRANSIT, LLC
## COUNT III NEGLIGENT ENTRUSTMENT

35. Plaintiff adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

36. Defendant Dejavu Transit, LLC entrusted Defendant Schneider with its 2017 Freightliner tractor on or about February 14, 2021.

37. Defendant Schneider was operating said 2017 Freightliner with the express permission of Defendant Dejavu Transit, LLC.

38. Defendant Dejavu Transit, LLC knew or should have known that Defendant Scheneider was incapable of driving the 2017 Freightliner with due care.

39. As a direct and proximate result of the foregoing negligence and carelessness of Defendant Dejavu Transit, LLC, Plaintiff Dale Nowatzke sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; property damages; loss of consortium, punitive damages and has incurred a permanent impairment of his power to labor and earn money;

## CLAIMS AGAINST ALI STAR, INC.
## COUNT IV RESPONDENT SUPERIOR

40. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

41. That on the date and time of the negligent actions of Defendant Schneider said Defendant was acting with the course and scope of his employment or was otherwise an agent of Defendant Ali Star, Inc..

42. As a direct and proximate result of the negligence of Defendant Schneider in operating the vehicle in the scope of his employment, the doctrine of *Respondent Superior* applies and transfers liability to Defendant Ali Star, Inc.

## CLAIMS AGAINST THE AMAZON DEFENDANTS
## COUNT V: VICARIOUS LIABILITY

43. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

44. Upon information and belief, on the date of the collision, Defendant Schneider was employed by Defendant Amazon Logistics Inc. and was operating the vehicle within the course and scope of his employment with said Defendant.

45. At the time of the collision, Defendant Schneider was acting within the course and scope of his employment or was otherwise an agent of Defendant Amazon Logistics Inc.

46. As employer or principal of Defendant Schneider, Defendant Amazon Logistics Inc. is vicariously liable for the negligent actions and omissions of Defendant Schneider and the damages proximately caused by such negligence.

47. At the time of the collision, Defendant Amazon Logistics Inc. was a "motor carrier" and an "employer" of its driver, Defendant Schneider, under 49 C.F.R. § 390.5 and Indiana Code § 9-30-5-4 and, therefore, Amazon Logistics Inc. is vicariously liable for the negligent actions and omissions of Defendant Schneider and the damages proximately

caused by such negligence as the motor carrier for the load and statutory employer of Defendant Schneider.

## COUNT VI: GENERAL NEGLIGENCE

48. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

49. Defendant Amazon Logistics Inc. had a duty to exercise ordinary care and comply with the Federal Motor Carrier Safety Regulations, pursuant to Indiana Code § 9-30-5-4.

50. Defendant Amazon Logistics Inc. breached these duties by, among other things, failing to ensure that drivers comply with applicable hours-of-service regulations and properly maintain the Semi-truck.

51. As a direct and proximate result of the foregoing negligence and carelessness of Defendant Dejavu Transit, LLC, Plaintiff Dale Nowatzke sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; property damages; loss of consortium, punitive damages and has incurred a permanent impairment of his power to labor and earn money;

## COUNT VII NEGLIGENT ENTRUSTMENT

52. Plaintiff adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

53. The Amazon Defendants entrusted Defendant Schneider with their trailer on or about February 14, 2021.

54. Defendant Schneider was operating said 2017 Freightliner with the express permission of Defendant Dejavu Transit, LLC.

55. Defendant Dejavu Transit, LLC knew or should have known that Defendant Scheneider was incapable of driving the 2017 Freightliner with due care.

56. As a direct and proximate result of the foregoing negligence and carelessness of Defendant Dejavu Transit, LLC, Plaintiff Dale Nowatzke sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; property damages; loss of consortium, punitive damages and has incurred a permanent impairment of his power to labor and earn money;

### CLAIMS AGAINST NOVZA EXPRESS, INC.
### COUNT VIII VICARIOUS LIABILITY

57. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

58. Upon information and belief, on the date of the collision, Defendant Schneider was an employee, agent or ostensible agent of Defendant Novza Express, Inc.. and was operating the vehicle within the course and scope of his agency with said Defendant.

59. At the time of the collision, Defendant Schneider was acting within the course and scope of his employment or was otherwise an agent of Defendant Novza Express, Inc.. As employer or principal of Defendant Schneider, Defendant Novza Express, Inc.. is vicariously liable for the negligent actions and omissions of Defendant Schneider and the damages proximately caused by such negligence.

60. At the time of the collision, Defendant Novza Express, Inc.. was a "motor carrier" and an "employer" of its driver, Defendant Schneider, under 49 C.F.R. § 390.5 and Indiana

Code § 9-30-5-4 and, therefore, Novza Express, Inc..is vicariously liable for the negligent actions and omissions of Defendant Schneider and the damages proximately caused by such negligence as the motor carrier for the load and statutory employer of Defendant Schneider.

**WHEREFORE**, the Plaintiff Dale Nowatzke, by counsel, requests a judgement against the Defendants Schneider Brisenau, Dejavu Transit, LLC, Amazon Logistics , Inc, Amazon.com, Inc., Novza Express, Inc. and Ali Star, Inc. in favor of the Plaintiff in an amount reasonably calculated to compensate Plaintiff for his damages including:

Judgment for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate Plaintiff Dale Nowatzke for his damages, to include:

   a. Past and future medical expenses;
   b. Past and future physical and mental pain, suffering, anguish and inconvenience;
   c. Lost wages; and
   d. Diminished capacity to labor and earn income.

2. Prejudgment interest;
3. Interest on any amount to which Plaintiff may be adjudicated to be entitled to accrue from the date of the filing of her action until paid;
4. Costs herein expended;
5. Attorneys fees;
6. Punitive damages;
7. Trial by jury; and

8. Any and all other appropriate relief to which Plaintiff may appear to be justly entitled.

**Respectfully Submitted,**

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49
1601 Business Center Court
Louisville, KY 40299
kaitlin@isaacsandisaacs.com

### DEMAND FOR JURY TRIAL

Comes now the Plaintiff Dale Nowatzke hereby demand a trial by jury on all issues so triable.

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49